UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VELMA CRAIG,

                            Plaintiff,

-against-

CITY OF NEW YORK; POLICE DEPARTMENT
SCHOOL SAFETY DIVISION,

                            Defendants.

------------------------------------------------------------------ x

**ANSWER TO COMPLAINT**

04 CIV 4857 (SLT) (LB)

        Defendants, by their attorney, Michael A. Cardozo, answers the complaint as follows:

1. Deny the allegations set forth in the first unnumbered paragraph of the complaint, except admit that plaintiff purports to proceed as set forth therein.

2. Deny the allegations set forth in the second unnumbered paragraph of the complaint labeled "jurisdiction" except admit that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the complaint.

4. Deny the allegations set forth in paragraph "2" of the complaint except admit that the school safety division has offices at the address set forth therein.

5. Deny the allegations set forth in paragraph "3" of the complaint except deny knowledge or information sufficient to form a belief as to so much of said paragraph which alleges where plaintiff sought employment.

6. Deny the allegations set forth in paragraph "4" of the complaint.

7. Deny the allegations set forth in paragraph "5" of the complaint.

8. Deny the allegations set forth in paragraph "6" of the complaint.

9. Deny the allegations set forth in paragraph "7" of the complaint.

10. Deny the allegations set forth in paragraph "8" of the complaint.

11. As there are no factual allegations set forth in paragraph "9" of the complaint no response is necessary by defendants.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint except admit that plaintiff filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission.

13. As there are no factual allegations set forth in paragraph "11" of the complaint no response is necessary by defendants.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint except admit that the Equal Employment Opportunity Commission has issued a Right to Sue letter.

### FOR A FIRST DEFENSE:

15. The complaint fails to state a claim upon which relief may be granted.

### FOR A SECOND DEFENSE:

16. Any claims in the Complaint under Title VII that accrued more than 300 days prior to the plaintiff's filing of her charge of discrimination with the EEOC are time barred.

### FOR A THIRD DEFENSE:

17. This Court lacks subject matter jurisdiction over any Title VII claims contained in the complaint which was not also contained in the plaintiff's charge of discrimination filed with the EEOC.

### FOR A FOURTH DEFENSE:

18. Defendant has not violated any rights, privileges or immunities secured to plaintiff under the Constitution or laws of the United States, the State of New York, or of the City of New York nor have they violated any act of Congress providing for the protections of civil rights.

### AS AND FOR A FIFTH DEFENSE

19. All of defendants' employment decisions and actions concerning the plaintiff were based on legitimate, non discriminatory business considerations.

### AS AND FOR A SIXTH DEFENSE

20. Plaintiff unreasonably failed to take advantage of the preventive and corrective opportunities provided by defendant to the employees of the New York city Police Department or to otherwise avoid harm, and defendant exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains of.

### AS AND FOR A SEVENTH DEFENSE

21. The conduct of the defendant was at all times lawful, proper and carried out in conformity with the Constitution and laws of the State of New York and all applicable rules and regulations of the City of New York.

### AS AND FOR AN EIGHTH DEFENSE

22. Defendants' use of an identification card did not discriminate against plaintiff on account of religion.

### AS AND FOR A NINTH DEFENSE

23. The injuries, if any, alleged to be sustained by plaintiff on the occasions mentioned in the Complaint, were wholly, or in part, caused by the culpable conduct of plaintiff.

**WHEREFORE**, defendant request judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         February 14, 2005

                        MICHAEL A. CARDOZO
                        Corporation Counsel of the
                           City of New York
                        Attorney for Defendant
                        100 Church Street, Room 2-171
                        New York, New York 10007
                        (212) 788-0897

By: _____
     ISAAC KLEPFISH
     Assistant Corporation Counsel
     (IK3478)

04 CIV 4857 (SLT)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VELMA CRAIG,

Plaintiff,

-against-

CITY OF NEW YORK; POLICE DEPARTMENT SCHOOL SAFETY DIVISION,

Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Isaac Klepfish*
*Tel: (212) 788-0897*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................, 200......*

*.................................................................... Esq.*

*Attorney for ..........................................................*