UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

VELMA CRAIG,

                                        Plaintiff,

        -against-

CITY OF NEW YORK; POLICE DEPARTMENT SCHOOL SAFETY DIVISION,

                                        Defendants.

------------------------------------------------------------------ x

**DECLARATION IN SUPPORT OF MOTION OF DEFENDANTS FOR SUMMARY JUDGMENT**

04 CIV 4857 (BMC) (LB)

        **ISAAC KLEPFISH**, declares, pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury, that the following is true and correct:

        1. I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants. As such, I am familiar with the facts and circumstances set forth herein. I submit this declaration in support of defendants' motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

        2. Plaintiff Velma Craig brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-et. seq. alleging that the defendants discriminated against her and retaliated against her on account of her religion. Specifically, plaintiff alleges that defendants discriminated against plaintiff on account of her religion by requiring her to have a new identification card containing a right index finger print and a computer chip in it. Plaintiff also claims that defendants failed to accommodate her religious beliefs by requiring her to have this identification card. Finally, plaintiff also claims that she was retaliated against on account of her religion because after she refused to accept the new identification card she was reinstated and

not assigned to school safety duties, that she was subject to notices to appear for psychological counseling and that she was served with charges and specifications for failing to comply with the lawful orders of her superior.

3. Defendants now move for summary judgment on the following grounds: (1) plaintiff's discrimination claim must be dismissed because plaintiff did not suffer an adverse employment action and she also cannot establish that defendants discriminated against her because of the exercise of her religious beliefs; (2) plaintiff's failure to accommodate claim must be dismissed because plaintiff cannot establish that she suffered an adverse employment action and because defendants have articulated a legitimate reason for requiring plaintiff to have an identification card; and (3) plaintiff's retaliation claim must be dismissed because plaintiff cannot establish that defendants retaliated against her under circumstances giving rise to an inference of discrimination.

4. Annexed hereto as Exhibits "A" through "W" are documents and excerpts from deposition testimony that are relied upon and cited in defendants' Local Rule 56.1 Statement and in defendants' memorandum of law, submitted herewith in support of defendants' motion for summary judgment. These documents are as follows

- A. Excerpts from the Transcript of the deposition of plaintiff Velma Craig taken in this action on September 13, 2005.
- B. New York City Police Department Personnel Inquiry Form.
- C. New York City Police Department Patrol Guide 204-15 (3).
- D. Memorandum from Administrative Security Manager, dated December 23, 2003.
- E Report of Suspension, dated December 23, 2003.

F Suspension Memorandum, dated December 29, 2003.

G Request for Charges and Specifications, dated December 29, 2003.

H. Memorandum of Approval from First Deputy Commissioner and NYPD Police Commissioner, re: restoration to duty.

I. Charges and Specifications against plaintiff.

J. Plaintiff's refusal to sign for charges.

K. Plaintiff's acceptance of Charges and Specifications.

L. Memorandum regarding effective date of restoration to duty dated February 9, 2004.

M. Memorandum from Deputy Commissioner, Equal Employment Opportunity, regarding plaintiff's request for a reasonable accommodation, dated March 15, 2004.

N. Memorandum form Deputy Commissioner, Equal Employment Opportunity, to plaintiff regarding her request for a reasonable accommodation, dated March 15, 2004.

O. NYPD EEO summary.

P Memorandum from Assistant Commissioner, Department Advocates Office, dated March 23, 2004.

Q. Scheduling of Informal Conference, dated March 23, 2004.

R. Letter of Resignation of plaintiff dated April 5, 2004.

S. Recommendation to file charges because of resignation of plaintiff, dated April 5, 2004.

T. First Endorsement of Civilian Team Supervisor.

  U. Second Endorsement of Assistant Commissioner, Department Advocate.

  V. Disposition of Charges.

  W. Complaint in this action, dated April 22, 2003.

Dated: New York, New York
    August 21, 2006

                 */s/ Isaac Klepfish*
                 ISAAC KLEPFISH (IK 3478)
                 Assistant Corporation Counsel